# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF NEW YORK

STEPHEN MAURO,

                              Plaintiff,

    -v.-

                                                    5:19-CV-1343

HIRERIGHT and STERLING TALENT                 (GLS/ATB)
SOLUTIONS,

                              Defendants.

STEPHEN MAURO, Plaintiff pro se

ANDREW T. BAXTER, United States Magistrate Judge

## ORDER and REPORT-RECOMMENDATION

The Clerk has sent to the court for review a complaint, which was originally accompanied by an application to proceed in forma pauperis ("IFP"), filed by pro se plaintiff, Stephen Mauro. (Dkt. Nos. 1, 2). Plaintiff subsequently returned to the Clerk's Office and paid the filing fee for this action. The Clerk terminated plaintiff's motion for IFP based upon his payment of the filing fee. Plaintiff also filed "Exhibits" to his complaint. (Dkt. No. 4, Exhibits 1-3). In the body of the complaint, plaintiff purports to bring this action under the Age Discrimination in Employment Act ("ADEA"), 29 U.S.C. § 626 (c)(1). However, plaintiff's exhibits state that he is attempting to enforce New York Criminal Procedure Law §§ 160.50 and 160.55. (Exhibit No. 2).

## I.   Complaint

The court will read the complaint together with the exhibits in an effort to understand what plaintiff is attempting to claim. In this complaint, plaintiff states that he applied for work as a bus driver with 1st America Corp. in Cincinnati, Ohio; with "Cortland Transit" in "Central New York; and with MVR Express in "New York."

(Complaint ("Compl.") Facts ¶ 1, CM/ECF p.4). Plaintiff states that he was turned down for each job. (*Id.*) None of these companies are defendants in this action. Instead, plaintiff has named "Hireright" and "Sterling Talent Solutions," which apparently prepare "background checks" for employers to use in making hiring decisions.

Plaintiff states that he showed "these companies"[1] through correspondence, that he had a "case dismissed and sealed." (Compl. Facts ¶ 2, CM/ECF p.4). However, plaintiff states that they ignored him and sent him "2 peoples [sic] background checks which have no bearing on my case." (*Id.*) Plaintiff states that he wrote "them" again, but "they" still did nothing to change their findings, "so I am forced to sue." (Compl. Facts ¶ 3, CM/ECF p.4). Plaintiff concedes that he did not file charges with the New York State Division on Human Rights, nor did he file a "Notice of Intent" with the Equal Employment Opportunity Commission ("EEOC"). (Compl. ¶¶ 9, 10). Thus, no Right-to-Sue letter was issued by the EEOC.

Plaintiff's second exhibit details the facts of plaintiff's arrest in New York City in what appears to be May 2016.[2] Plaintiff states that he was arrested for a misdemeanor. Plaintiff's exhibits also include documents which plaintiff states show that his case was dismissed, and the records thereof should not made available to, or

---

[1] The court assumes that plaintiff means the defendant companies.

[2] Although the date is unclear because plaintiff wrote "2016," and then appears to have written over the first number so that it looks like the arrest was in 2017. However, further into the paragraph, he states that he was sentenced to an adjournment in contemplation of dismissal ("ACD") in May of 2016, after some community service. (Exhibit No. 2, CM/ECF p.9). Plaintiff states that he served one day of the community service, waited four months and then was told by the Manhattan District Attorney's "Office" that plaintiff's case was dismissed. (*Id.*) Thus, based on the rest of the facts, it appears that plaintiff is referring to an arrest in 2016.

2

used by, any agency. (Exhibit No. 1) (Dkt. No. 4, CM/ECF pp.1-8). Plaintiff states that he sent these documents to the two agencies that reported crimes on his record.[3] Plaintiff states that the "companies refuse to clear my record. This is why I am filing this suit." (*Id.*)

In his Prayer for Relief, plaintiff asks the court to "clear" his background "with a jury trial because "[t]hese companies won't do it." (Compl. ¶ 18). However, in his "exhibits," plaintiff is asking for millions of dollars in damages. (Exhibit No. 3). In the Exhibits, plaintiff randomly asks that the court "look at how DNA is gathered in the NYPD." (*Id.*)

## II.  Initial Review

Although plaintiff has paid the filing fee, the district court has "the inherent authority to sua sponte dismiss a fee-paid action as frivolous." *Mendez Da Costa v. Marcucilli*, No. 18-1859, __ F. App'x __, 2019 WL 5618160, at *1 (2d Cir. Oct. 31, 2019) (citing *Fitzgerald v. First E. Seventh St. Tenants Corp.*, 854 F.3d 150, 157 (2d Cir. 2000)). In determining whether an action is frivolous, the court must consider whether the complaint lacks an arguable basis in law or in fact. *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). Dismissal of frivolous actions is appropriate to prevent abuses of court process as well as to discourage the waste of judicial resources. *Neitzke*, 490 U.S. at 327; *Harkins v. Eldridge*, 505 F.2d 802, 804 (8th Cir. 1974).

## III.  ADEA

### A.  Legal Standards

"To establish a *prima facie* ADEA claim, a plaintiff must show that (1) he is a

---

[3] The court can only assume that plaintiff means the defendant companies.

3

member of the protected class;[4] (2) he was qualified for his position; (3) he suffered an adverse employment action; and (4) the circumstances surrounding the action give rise to an inference of age discrimination." *Cardinali v. County of Monroe*, No. 2017 WL 4923001, at *3 (W.D.N.Y. Oct. 2017) (citing *Gorzynski v. JetBlue Airways Corp.*, 596 F.3d 93, 107 (2d Cir. 2010)).

**B. Application**

Although plaintiff has alleged that he is in the protected age group, that is only one factor in the ADEA analysis. The defendant's conduct must give rise to an inference of age discrimination. Plaintiff states that the defendant companies do not conduct their background checks properly, and he was not hired because of an improperly listed criminal case. Plaintiff also claims that when he asked the defendants for help in expunging this listing, the companies didn't help him, but instead sent him the background checks of two different individuals. Plaintiff simply concludes that "[p]eople over 65 years of age like myself are denied [the right] to work. This need[s] to stop." (Compl. ¶ 7, CM/ECF at p.3).

Essentially, plaintiff alleges that he was denied three jobs because of an inaccurate background check, performed by two different companies, and he happens to be 65 years old. There is no indication in the facts that the defendant companies took any action "because of" the plaintiff's age, and he does not appear to claim otherwise. Plaintiff also fails to allege that any of the defendants' conduct adversely impacts individuals in the protected category or why erroneous background checks would more

---

[4] The ADEA protects individuals who are more than 40 years old. *See Roge v. NYP Holdings*, Inc., 257 F.3d 164, 168 (2d Cir. 2001) ("Under the ADEA, individuals ages forty and over are members of the protected class.") (citing 29 U.S.C. § 631(a)).

4

adversely affect older individuals than anyone else.[5] The ADEA does not protect against erroneous background checks,[6] only against discrimination because of age.

In the form-complaint, plaintiff has checked the "retaliation" box, but also does not remotely describe any act or acts of retaliation by the defendants. (Compl. ¶ 6 (F), CM/ECF at p.2). The complaint lacks an arguable basis in law or in fact under the ADEA and is frivolous in the legal sense.[7] Thus, to the extent that plaintiff alleges an ADEA claim, it must be dismissed.

## IV. Subject Matter Jurisdiction

### A. Legal Standards

Federal courts are courts of limited jurisdiction, have only the power that is authorized by Article III of the Constitution, and may only preside over cases that fall within the subject matters delineated by Congress. *Bender v. Williamsport Area School Dist.*, 475 U.S. 534, 541 (1986) (citation omitted). The court must determine whether it has subject matter jurisdiction, and must dismiss a case at any stage of the proceedings if it determines that jurisdiction is lacking. *Cave. v. East Meadow Union Free School Dist.*, 514 F.3d 240, 250 (2d Cir. 2008); *Weiss Acquisition, LLC v. Patel*, No. 3:13-CV-1819, 2013 WL 45885, at *1 (D. Conn. Jan. 3, 2013).

In addition, federal courts have an "independent obligation" to consider the presence or absence of subject matter jurisdiction sua sponte. *Leopard Marine &*

---

[5] Plaintiff brings neither a disparate treatment, nor a disparate impact case.

[6] In the form portion of the complaint, plaintiff has also stated that the defendants failed "to take a[n] arrest off my record." (Compl. ¶ 6(G)).

[7] Although not necessary to this recommendation, the court would also note that the plaintiff concedes that he did not present his claims to the EEOC or the New York State Division of Human Rights. Such exhaustion is a prerequisite to bringing an ADEA claim. 29 U.S.C. §§ 626(d)(2), 633.

5

*Trading, Ltd. v. Easy Street, Ltd.*, 896 F.3d 174, 181 (2d Cir. 2018) (quoting *In re Quigley Co., Inc.*, 676 F.3d 45, 50 (2d Cir. 2012). Subject matter jurisdiction can never be waived or forfeited. *ACCD Global Agriculture, Inc. v. Perry*, No. 12 Civ. 6286, 2013 WL 840706, at *1 (S.D.N.Y. March 1, 2013) (quoting *Dumann Realty, LLC v. Faust,* No. 09 Civ. 7651, 2013 WL 30672, at *1 (S.D.N.Y. Jan. 3, 2013) (citing *Gonzalez v. Thaler*, 565 U.S. 134, 141 (2012); *Henderson ex rel. Henderson v. Shinseki*, 562 U.S. 434-35 (2011)).

Federal question jurisdiction pursuant to 28 U.S.C. § 1331 provides a basis for jurisdiction when the plaintiff brings a civil action that arises "under the Constitution, laws, or treaties of the United States." 28 U.S. C. § 1331. Diversity jurisdiction exists when an action is between citizens of different states, and when the amount in controversy is in excess of $75,000.00. 28 U.S.C. § 1332(a)(1).

**B.     Application**

As stated above, to the extent that plaintiff wishes to bring this action under the ADEA, it must be dismissed as frivolous because plaintiff cites no basis in law or in fact for an age discrimination complaint under the federal statute, and his exhibits clearly show that the defendants' conduct had nothing to do with plaintiff's age. Plaintiff is simply seeking damages and injunctive relief, "correcting" the information that is afforded to prospective employers by the two defendant companies. Thus, the court must determine whether plaintiff has stated another basis for subject matter jurisdiction in federal court.

When there is no federal question jurisdiction, in order for plaintiff to be able to enforce New York State statutes, there must be a basis for subject matter jurisdiction such as diversity of citizenship under section 1332, discussed above. According to

6

plaintiff, the two defendant companies are citizens of another state, and plaintiff has alleged "millions" of dollars in damages, which for purposes of initial review is sufficient to assert diversity jurisdiction.

V.   **New York Criminal Procedure Law**

   A.   **Legal Standards**

In plaintiff's exhibits, he cites N.Y. Criminal Procedure Law §§ 160.50 and 160.55.[8] These statutes do provide for the sealing of an individual's criminal records upon the termination of a criminal action in the individual's favor. *Baunach v. Liberty Mut. Fire Ins. Co.*, No. 13-CV-3049, 2014 WL 1278122, at *2-3 (E.D.N.Y. Mar. 27, 2014). Section 160.50 was enacted "to remove any 'stigma' flowing from an accusation of criminal conduct terminated in favor of the accused, thereby affording protection . . . to such accused in the pursuit of employment, education, professional licensing and insurance opportunities." *Id.* (quoting *People v. Patterson*, 78 N.Y.2d 711, 716 (1991)) (internal quotation marks omitted). New York case law also provides that an individual aggrieved by a violation of these statutes has a private right of action to enforce them. *See Lino v. City of New York,* 101 A.D.3d 552, 556 (1st Dep't 2012). However, in *Baunach*, the court also held that, as of the date of the court's decision, the private right of action exists only against ***governmental*** defendants, and could not "fairly be implied" against private entities. 2014 WL 1278122, at *3.

In this case, plaintiff has named two companies, neither of which appear to be governmental defendants, and instead appear to be private entities. Thus, plaintiff does

---

[8] Section 160.55 provides for Clerk action after "termination of criminal action by conviction for noncriminal offense." This section contains similar provisions to section 160.50 for individuals who were arrested for a more serious offense, but were ultimately convicted of a petty offense. *See People v. Nicholas*, 19 Misc. 3d 322, 331-32 (City Ct. 2008) (discussion of purpose of both statutes).

7

not state a claim under either New York State statute. Thus, assuming that plaintiff has properly alleged diversity jurisdiction, he does not state a claim for enforcement of sections 160.50 or 160.55. Thus, his complaint may be dismissed in its entirety.

## VI. Opportunity to Amend

### A. Legal Standards

Generally, when the court dismisses a pro se complaint *sua sponte*, the court should afford the plaintiff the opportunity to amend at least once, however, leave to re-plead may be denied where any amendment would be futile. *Ruffolo v. Oppenheimer & Co.*, 987 F.2d 129, 131 (2d Cir. 1993). Futility is present when the problem with plaintiff's causes of action is substantive such that better pleading will not cure it. *Cuoco v. Moritsugu*, 222 F.3d 99, 112 (2d Cir. 2000) (citation omitted).

### B. Application

This court is well-aware of the liberality with which pro se complaints are treated. *See Burgos v. Hopkins*, 14 F.3d 787, 790 (2d Cir. 1994) (pro se papers are interpreted liberally to raise the strongest arguments suggested therein). The defendants are not plaintiff's employers, nor are they prospective employers. There is no claim under the ADEA. To the extent that he claims diversity jurisdiction, he currently does not state a claim under the New York statutes cited above. Thus, the court will recommend dismissal without the opportunity to amend. However, the dismissal should be without prejudice because the court cannot say that the New York courts will forever preclude individuals from enforcing these statutes against private entities or that a New York State court would interpret the statutes with the same

8

result.⁹

**WHEREFORE,** based on the findings above, it is

**RECOMMENDED**, that this action be **DISMISSED SUA SPONTE WITHOUT PREJUDICE,** but **WITHOUT OPPORTUNITY TO AMEND** as frivolous under 28 U.S.C. § 1915(e)(2)(B)(i) (ADEA claim), and for failure to state a claim 28 U.S.C. § 1915(e)(2)(B)(ii) (NY Statutory Claim - Diversity), and it is

**ORDERED**, that defendants'¹⁰ time to answer or otherwise move in this action is **STAYED**, until a decision by the District Court on this Recommendation, and it is

**ORDERED**, that the Clerk of the Court serve a copy of this Order and Report-Recommendation on plaintiff by regular mail.

Pursuant to 28 U.S.C. § 636(b)(1) and Local Rule 72.1(c), the parties have fourteen (14) days within which to file written objections to the foregoing report. Such objections shall be filed with the Clerk of the Court. **FAILURE TO OBJECT TO THIS REPORT WITHIN FOURTEEN DAYS WILL PRECLUDE APPELLATE REVIEW.** *Roldan v. Racette*, 984 F.2d 85, 89 (2d Cir. 1993)(citing *Small v. Secretary*

---

⁹ In *Baunach*, the court stated that
> Thus, it would be inconsistent with the intent of the legislature, as expressed by the plain language of the Statute, to impose an obligation to refrain from obtaining or disclosing sealed records on private entities. The Court declines to expose the Defendant to liability without clear evidence of the legislature's willingness to do so. *See Goddard v. Martino*, 40 Misc.3d 1050, 1055, 970 N.Y.S.2d 382 (Sup. Ct. 2013) (finding that "this third factor will not be satisfied unless there is 'clear evidence of the Legislature's willingness to expose the governmental entity to liability that it might not otherwise incur' "). Accordingly, the Court finds that a right of action against private entities may not fairly be implied in Section 160.50.

*Id.* (other citations omitted).

¹⁰ Plaintiff has paid the filing fee. Thus, it is his responsibility to properly serve the defendants. If defendants are served and appear in this action, they should become aware of this order.

*of Health and Human Services*, 892 F.2d 15 (2d Cir. 1989)); 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 6(a), 6(e), 72

Dated: November 6, 2019

Hon. Andrew T. Baxter
U.S. Magistrate Judge